## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**ANREKA ALLEN**                   **CIVIL DOCKET NO. 6:24-cv-00376**

**VERSUS**                           **JUDGE DAVID C. JOSEPH**

**STATE FARM FIRE AND**        **MAGISTRATE JUDGE DAVID J. AYO**
**CASUALTY COMPANY**

### MEMORANDUM RULING

Before the Court is a MOTION FOR SUMMARY JUDGMENT [Doc. 12] (the "Motion") filed by State Farm Fire and Casualty Company (hereinafter, "State Farm" or "Defendant"). Plaintiff Anreka Allen failed to timely oppose the Motion or otherwise respond. For the reasons that follow, Defendant's Motion is GRANTED.

### BACKGROUND

This suit arises out of alleged damages caused to Plaintiff's property located at 323 Hill Ridge Dr., Youngsville, LA 70592 (the "Property") by Hurricane Ida. *See* [Doc. 1-5]. Hurricane Ida made landfall in Louisiana on August 29, 2021, on which date Plaintiff asserts that she had a homeowners insurance policy with State Farm for her Property. [*Id.*].

Plaintiff filed suit on August 28, 2023, alleging that State Farm wrongfully failed to pay the loss amounts due under the insurance policy and that State Farm acted in bad faith under La. R.S. 22:1892 and 22:1973. [1] [*Id.*].

---

[1]      Plaintiff filed her Complaint in the Fifteenth Judicial District Court for the Parish of Lafayette on August 28, 2023. [Doc. 1-5]. Defendant subsequently removed the suit to this Court on March 13, 2024. [Doc. 1].

State Farm filed the instant Motion on June 14, 2024, asserting that no valid insurance policy covering the Plaintiff's property existed between Plaintiff and State Farm.  *See* [Doc. 12-2].[2]  Plaintiff has failed to oppose or otherwise respond to the Motion.  All applicable deadlines having passed, the Motion is now ripe for ruling.

<u>LAW AND ANALYSIS</u>

## I.   Summary Judgment Standard

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party."  *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").  As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine dispute of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery.  *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).  The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden.  *Id.*

---

[2]    The Complaint does not provide a specific policy number, instead stating that, "some discrepancy still exists as to the correct policy number."  [Doc. 1-5, p. 3].

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial – and thus a grant of summary judgment is warranted – when the record as a whole "could not lead a rational trier of fact to find for the non-moving party ..." *Id.*

In diversity cases such as this one, federal courts apply state substantive law and federal procedural law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (1996). Additionally, in this case, Louisiana law applies because the provisions of an insurance policy are interpreted in accordance with the law of the state where the policy was issued. *Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659, 677-78 (5th Cir. 2000). Accordingly, the Court applies Louisiana law to Plaintiff's claims for breach of contract and bad faith.

## II.   Applicable Substantive Law

In order to succeed on a breach of contract claim, the plaintiff must prove the existence of the contract, a breach of the obligations therein, and damages. *Allday v. Newpark Square I Off. Condo. Ass'n, Inc.*, 20-358 (La. App. 5 Cir. 8/18/21), 327 So.3d 566, 574; *see also New Orleans Craft Temple, Inc. v. Grand Lodge of Free Masons of the State of Louisiana*, 13-525 (La. App. 5 Cir. 12/19/13), 131 So.3d 957, 964; *Favrot v. Favrot*, 10-986 (La. App. 4 Cir. 02/09/11), 68 So.3d 1099, *writ denied*, 11-636 (La.

05/06/11), 62 So.3d 127.  Importantly, "no action for breach of contract may lie in the absence of privity of contract between the parties." *Long v. Jeb Breithaupt Design Build Inc.*, 44,002, p. 19 (La. App. 2 Cir. 2/25/09), 4 So.3d 930, 941–42; *Howard v. First United Pentecostal Church of DeRidder La.*, No. 2:21-CV-03181, 2022 WL 194380, at *2 (W.D. La. Jan. 20, 2022); *K & B Louisiana Corp. v. Caffery-Saloom Retail, L.L.C.*, No. 6:16-CV-503, 2017 WL 778144, at *3 (W.D. La. Jan. 27, 2017), report and recommendation adopted, No. 6:16-CV-503, 2017 WL 777966 (W.D. La. Feb. 24, 2017) citing *Pearl River Basin Land & Dev. Co. v. State of Louisiana*, 29 So.3d 589, 593 (La. App. 1 Cir. 2009).

Here, there is no evidence of an insurance contract between Plaintiff and Defendant.  Defendant submitted the affidavit of its Claim Team Manager, who affirmed that she searched State Farm's records using Plaintiff's name and, in the alternative, the address of the Subject Property and found no homeowner's insurance policy effective for August 29, 2021, or any time prior to that date.  [Doc. 12-3]. Plaintiff did not include a policy number in her Complaint and failed to respond with any evidence of a policy.  There is therefore no genuine dispute of material fact regarding the existence of an insurance contract between Plaintiff and State Farm. This dooms both her breach of contract claim and accompanying bad faith claim.

<u>CONCLUSION</u>

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's MOTION FOR SUMMARY JUDGMENT [Doc. 12] is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 8th day of August 2024.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE